IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                          CIV 01-1214 JC/KBM
                                                          CR  99-777 JC

JULIAN PEDRO GUILLEN-GARCIA,

    Defendant-Movant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This matter is before the Court on Julian Pedro Guillen's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to a charge of conspiracy to possess marijuana with the intent to distribute it before the Honorable Bobby R. Baldock, Tenth Circuit Court of Appeals sitting by designation for the District of New Mexico. Guillen contends that his attorney and the court failed to advise him that he could be deported after pleading guilty, thereby rendering his plea involuntary and counsel ineffective.

    Prior to 1996, the Tenth Circuit held deportation is a collateral consequence of a plea. As such, a defendant need not be advised of the possibility of deportation before the court accepts a guilty plea and an attorney's failure to discuss the matter is not unreasonable. *E.g., Varela v. Kaiser,* 976 F.2d. 1357, 1358 (10th Cir. 1992). The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") made deportation mandatory for aliens convicted of certain aggravated

felonies. Even in light of this mandatory deportation under the AEDPA and IIRIRA, courts continue to hold deportability is a collateral consequence of a plea. *See United States v. Amador-Leal,* 276 F.3d 511 (9th Cir. 2002); *United States v. Gonzalez,* 202 F.3d 20 (1st Cir. 2000). The Tenth Circuit is among them. *See United States v. Fagundes,* 194 F.3d 1321 (10th Cir. 1999) (unpublished).

The majority of district courts are in accord, including a decision from this district. *Chavez v. United States,* CIV 97-560 JP/WWD (*Docs. 19 & 20,* entered 1998); *see also Farok v. Little,* 2000 WL 33339636 (D.N.D. 2000); *Acevedo v. Greiner,* 2001 WL 1382585, *3 (S.D.N.Y. 2001); *but see United States v. El-Nobani,* 145 F.Supp.2d 906 (N.D. Ohio 2001). In light of the overwhelming persuasive authority cited above, I adopt the same view.[1] Even assuming neither the court nor his attorney advised him of immigration consequences to his plea, Petitioner's plea was voluntary and his attorney's conduct reasonable.

Petitioner further asserts that counsel failed to investigate potential defenses. However, the assertion is conclusory and contradicts his statements during his plea and his testimony against his co-conspirators. *E.g., United States v. Cox,* 83 F.3d 336, 341 (10th Cir. 1996). Although Guillen asserts that he "may likely have sought a trial or different plea" had he known of the deportation consequences, this assertion is insufficient to establish prejudice. *United States v. Gordon,* 4 F.3d 1567, 1571 (10th Cir. 1993).

Because the issues are resolved on the pleadings and the record establishes conclusively that movant is not entitled to relief, an evidentiary hearing is unnecessary. *E.g., § 2255;* Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255; Trice v. Ward,* 196 F.3d 1151, 1159

---

[1] I was unable to locate the case Petitioner cites ("Matter of Myrvin Nysuj vs. State of New Mexico, Bernalillo County, case no. CR 96-2645)" either in this district's database or in searches of state and federal cases in Westlaw. *See Doc. 1* at 4.

(10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2255 petition be dismissed with prejudice and Petitioner's motion for appointment of counsel *(Doc. 8)* be denied.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE